1 Anna Y. Park, CA SBN 164242
2 Michael Farrell, CA SBN 266553
  Connie K. Liem, TX SBN 791113
3 U.S. EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
4 255 East Temple Street, Fourth Floor
  Los Angeles, CA 90012
5 Telephone: (213) 894-1083
  Facsimile: (213) 894-1301
6 E-Mail: lado.legal@eeoc.gov

7 Attorneys for Plaintiff
  U.S. EQUAL EMPLOYMENT
8 OPPORTUNITY COMMISSION

9 Claudette G. Wilson, CA SBN 110076
  Mary A. Snyder, CA SBN 211228
10 Krista M. Cabrera, CA SBN 190595
   WILSON TURNER KOSMO LLP
11 550 West C St., Suite 1050
   San Diego, CA. 92101
12 Telephone: (619) 236-9600
   Facsimile: (619) 236-9669
13 E-Mail: CWilson@wilsonturnerkosmo.com

14
   Attorneys for Defendant
15 TARGET CORPORATION, et al.

**JS-6**

16

17 **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
18 **SOUTHERN DIVISION**

19

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION a/k/a TARGET STORES, INC.; AND DOES 1-10, INCLUSIVE,<br><br>        Defendant(s). | Case No. SA CV 09-0963 AG (ANx)<br><br>**CONSENT DECREE AND ORDER**<br><br><br><br><br><br>The Honorable Andrew J. Guilford<br>U.S. District Court Judge |

1
CONSENT DECREE
AND ORDER

# I.
# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant Target Corporation a/k/a Target Stores, Inc. ("Target" or "Defendant") hereby stipulate and agree to entry of this consent decree and order ("Decree") to resolve the Commission's complaint against Target in <u>U.S. Equal Employment Opportunity Commission v. Target Corporation a/k/a Target Stores, Inc.</u>, Civil Case No. 09-0963 (the "Action"). On August 20, 2009, EEOC brought this Action against Target pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. In the Action, the EEOC alleged that Target discriminated against Charging Party Jeremy Schott ("Schott" or "Charging Party") by denying him reasonable accommodations and substantially reducing his work hours because of his disabilities—cerebral palsy and limited intellectual functioning—employed by Defendant.

Target denies each of the allegations made by the EEOC in the Complaint and in Charging Party's charge of discrimination.

# II.
# PURPOSES AND SCOPE

A. This Decree is made and entered into by and between the EEOC and Target (collectively, the "Parties").

B. Any provision intended to bind or be enforceable against Defendant shall bind and be enforceable against Defendant's officers, directors, agents, successors, and assigns.

C. The Parties have entered into this Decree for the following purposes:

    1. To provide appropriate monetary and injunctive relief;

      2.    To ensure that Defendant's managers, supervisors and employees are given training on their obligations under the ADA with an emphasis on providing reasonable accommodation(s) to mentally impaired employees;

      3.    To ensure Defendant provides effective reasonable accommodation(s) to qualified individuals with a disability in order for these individuals to perform essential job functions and enjoy equal benefits and privileges of employment;

      4.    To avoid the time, expense, and uncertainty of further litigation.

  D.    Target's execution of this Decree is not an admission of liability and the EEOC agrees not to tender or use this Consent Decree as evidence in the determination of charges and/or the decision to issue a Commissioner's Charge. The parties may tender or use this Consent Decree in a proceeding in which an issue in the proceeding is the enforcement of this Consent Decree.

  E.    Unless otherwise indicated, the geographic scope of this Decree shall be all stores located within Defendant's Corporate District 202.

### III.
### RELEASE OF CLAIMS

  A.    This Decree fully and completely resolves all issues, claims and allegations raised in the complaint filed on August 20, 2009, by the EEOC in this Action in the United States District Court, Central District of California, captioned <u>U.S. Equal Employment Opportunity Commission v. Target Corporation a/k/a Target Stores, Inc.</u>, Civil Case No. 09-0963 AG (ANx).

  B.    Nothing in this Decree shall be construed to preclude the Commission from moving to enforce this Decree in the event that Defendant fails to perform the promises or representations contained herein.

  C.    Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply with the ADA or any other federal law.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.

## JURISDICTION AND FINDINGS

A. The Court has jurisdiction over the Parties and the subject matter of this Action. The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and just.

C. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

D. The Court shall retain jurisdiction of this Action during the duration of the Decree for the purpose of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION

A. Prior to executing this Consent Decree, Schott and Target executed a release of claims (the "Schott Release"). The Schott Release was negotiated between Target and Schott's private counsel. EEOC did not participate in these negotiations, is not a party to the Schott Release, and did not advise Schott regarding that release in any manner. Once this Consent Decree is fully executed, none of the promises contained herein are conditioned upon any term of the Schott Release.

B. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date"). This Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate its provisions.

C. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

D. If one or more of the provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless, despite the Parties' best efforts, the purposes of this Decree cannot be achieved.

## VII.

## COMPLIANCE AND RESOLUTION

A. The Parties expressly agree that if the Commission has reason to believe that Defendant has failed to comply with any provision of this Decree, the Commission may file a motion before this Court to enforce the Decree. Prior to initiating such action, the Commission will notify Defendant and/or its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes Defendant has breached. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the Commission's notice.

B. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure the putative breach. If thirty (30) days have passed without resolution or agreement to extend the time further, the Commission may petition this Court for resolution of

the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Defendant is shown to be in breach of the Decree, as well as the Commission's costs and attorney's fees incurred in securing compliance with the Decree.

## VIII.
## MONETARY AND VICTIM-SPECIFIC RELIEF

A. In settlement of this lawsuit, Defendant shall pay Jeremy Schott One Hundred Sixty Thousand Dollars ($160,000) (the "Settlement Amount") within forty (40) days of the Effective Date of this Decree via certified mail.

B. $155,000 of the Settlement Amount shall be designated as non-wage compensation under the ADA, and no tax withholding shall be made. This amount will be paid to James Schott and Janet Shayneh Schott, Co-Trustees of the Jeremy Schott Special Needs Trust, and Defendant shall prepare and distribute a 1099 tax reporting form to James Schott and Janet Shayneh Schott, Co-Trustees of the Jeremy Schott Special Needs Trust and shall make appropriate reports to the Internal Revenue Service and other tax authorities, if necessary. Schott, and not Defendant, shall be fully liable for any and all federal and state taxes, assessments, penalties, interest or payments that arise or may arise as a result of Defendant's payment of said sum. $5,000 of the settlement amount will be paid for alleged lost wages and will be paid less all legally required deductions. This amount will be paid to Jeremy Schott and the payroll-related tax obligations that would normally be the responsibility of Defendant will be borne entirely by Defendant.

C. Within three (3) days of the issuance of the checks, Defendant shall submit a copy of the checks and related correspondence to Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

D. <u>Victim Specific Relief</u>

1. Defendant agrees to purge the 2003 performance review (produced in litigation as TARGET000017-19) and the original 2004 performance review (produced in litigation as TARGET000043-46) from Jeremy Schott's personnel file.

2. If an inquiry is made into Jeremy Schott's employment history, the only information that shall be disclosed will be the dates of employment, the positions he held, and confirmation of compensation. This reference is in accordance with Target's standard employment reference policy for all employees.

## IX.

## GENERAL INJUNCTIVE RELIEF

A. <u>Non-Discrimination</u>

Defendant, its officers, authorized agents, managers, supervisory employees, successors, assigns and all persons in active concert or participation with them are enjoined for the duration of the Decree from engaging in employment practices in violation of the ADA. Such employment practices include (1) subjecting disabled individuals to disparate terms and conditions of employment, (2) tolerating a hostile work environment on the basis of disability, (3) denying disabled individuals reasonable accommodation(s), and (4) denying disabled individuals an equal opportunity to enjoy the benefits and privileges of employment through the failure to provide reasonable accommodation(s).

B. <u>Non-Retaliation</u>

Defendant is enjoined not to engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any current or former employee or applicant of the Defendant because such employee or applicant has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under the ADA or ADAAA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation—including, without

limitation, any internal investigation undertaken by Defendant—or proceeding in connection with this case or relating to any claim of an ADA or ADAAA violation; (d) was identified as a possible witness or claimant in this Action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

## X.
## SPECIFIC INJUNCTIVE RELIEF

**A.** ADA Coordinator

Within thirty (30) days of the Effective Date of this Decree, Defendant shall designate Heidi Walters as an ADA Coordinator in its Corporate-level Human Resources Department. The ADA Coordinator's duties shall include:

1. Ensuring and assisting in the review and revision of Defendant's policies and procedures as required by this Decree;
2. Ensuring dissemination of Defendant's policies and procedures as required by this Decree;
3. Reviewing any interactive process regarding any disability accommodation request made by any employee within Defendant's Corporate District encompassing Store 913 (District 202) to the Store's ETL-HR to ensure compliance with federal employment discrimination laws and the terms of this Decree;
4. Reviewing any decision regarding the provision or denial of any accommodation request made to the Store's ETL-HR within Defendant's Corporate District encompassing Store 913 (District 202) to ensure compliance with federal employment discrimination laws and the terms of this Decree;
5. Reviewing the processing and investigation of any complaints of disability discrimination and retaliation received by the Store's ETL-

HR from any employee within Defendant's Corporate District encompassing Store 913 (District 202);

6. Ensuring and verifying Defendant's compliance with all of the training, posting, recordkeeping and reporting requirements of this Decree.

B. <u>Policies and Procedures</u>

1. Within sixty (60) days after the Effective Date, Defendant shall implement a company-wide policy regarding requests for accommodation, the interactive process, and/or reasonable accommodations (the "Policy") published internally through its online systems available to all employees. The policy shall include the following:

a. A clear statement that employees have the right to request reasonable accommodations, and that if they are a qualified individual under the ADA, they may receive reasonable accommodation(s) in order to perform essential job functions and/or to enjoy equal benefits and privileges of employment;

b. Assurance that if an employee requests reasonable accommodation he/she will not be subjected to retaliation for making such requests;

c. A clearly described formal procedure for making requests for reasonable accommodation in a manner that is thorough, impartial and expeditious; and

d. A procedure for communicating with the employee regarding the status of the request for accommodation.

C. <u>Accommodation Request Documentation</u>

1. Defendant shall create and maintain documentation containing the following information regarding all requests for accommodation made by

employees within Defendant's Corporate District encompassing Store 913 (District 202):

      a.    Person making the request;

      b.    Date of the request;

      c.    Physical or mental impairment;

      d.    Accommodation(s) requested, if any;

      e.    Any person to whom the request for accommodation was made;

      f.    Any person involved in the interactive process;

      g.    Any person involved in the decision-making process regarding the request for accommodation;

      h.    Any records or documents made or reviewed in the course of engaging in the interactive process; and

      i.    Any accommodation provided or denied and the reason for that decision.

    2.    At the Commission's request at any time throughout the term of this Decree, Defendant shall allow the EEOC to inspect the accommodation request documentation specified in this subsection.

    D.    <u>ADA Claims Administration</u>

    1.    Target currently has a Human Resources Professional at each store, who has participated in the training set forth below. This position's responsibilities include the following:

      a.    Receiving and processing any request for accommodation;

      b.    Participating in or reviewing any interactive process to ensure compliance with federal employment discrimination laws and the terms of this Decree;

  c. Participating in or reviewing any decision regarding the provision or denial of any accommodation to ensure compliance with federal employment discrimination laws and the terms of this Decree;

  d. Reviewing any accommodation to ensure the accommodation remains an effective reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment, including both essential and non-essential aspects of the job;

  e. Receiving, processing, and investigating complaints of disability discrimination and retaliation;

  f. Communicating with employees regarding the status and resolution of requests for accommodation and complaints and discrimination.

 2. Target will assure that a Human Resources Professional with these responsibilities will be located at Store 913 for the duration of the Decree. In the event the store-level Human Resources Professional has any questions or concerns regarding any request for an accommodation or regarding the interactive process in any particular case, he or she will consult with the district-level Human Resources Professional. In the event the district-level Human Resources Professional has any concerns, he or she will consult with a corporate-level Human Resources Professional.

 E. <u>Training</u>

 1. Within 90 days of the Effective Date of this Decree, Defendant shall ensure that all of its Executive Team Leads and Team Leads have attended an intranet-based training program regarding disability discrimination, reasonable accommodation and retaliation of at least one hour in duration. In addition, this training will also include a live, interactive component in that the ADA

Coordinator will be available throughout the training to respond to any inquiries from the trainees regarding the training materials or to provide further explanation and clarification as needed. At a minimum the disability discrimination and retaliation training shall include instruction regarding:

    a.    Responsibilities and requirements of the ADA including providing reasonable accommodation(s) for disabled individuals;

    b.    A review of Defendant's disability discrimination and reasonable accommodation policies; and

    c.    Handling requests for reasonable accommodation to ensure the performance of essential job functions and the enjoyment of equal benefits and privileges of employment.

    2.    Any required employee who fails to attend such training shall receive intranet training individually within thirty (30) days thereafter. All employees later hired or promoted to such a position shall receive the same training within ninety (90) days of his/her hire or promotion for the term of this Decree.

    3.    Defendant will ensure that Executive Team Leads and Team Leads participate in an annual live ADA recertification training session of at least 30 minutes in duration. Executive Team Leads, Human Resources, will participate in an annual intranet-based ADA recertification training session of at least one hour.

    F.    <u>Performance Evaluations</u>

Defendant shall hold its managers and supervisors at Store 913 accountable in its regular corrective action process for failing to comply with Defendant's disability discrimination and anti-retaliation policies and procedures.

    G.    <u>Posting of Notice</u>

Within ten (10) business days after the Effective Date, and throughout the term of this Decree, Defendant shall post at Store 913 the Notice (attached as

**Exhibit "A"**) of the terms of this Decree in a clearly visible location frequented by employees at that facility.

## XI.

## RECORD KEEPING AND REPORTING

A.  <u>Initial Reports</u>

Target has provided the EEOC with the following:

1. The policies and procedures concerning handling requests for reasonable accommodation(s) as discussed in this Decree;

2. Disability discrimination training programs for its store managers, supervisory employees, team leads and store level Human Resource professionals; and

3. Procedures for tracking complaints of disability discrimination, requests for reasonable accommodation(s) and the processes by which potential accommodations are considered and identified.

B.  <u>Annual Reports</u>

On an annual basis for the duration of the Decree, Defendant shall provide the EEOC with written reports. The closing period for the first report shall be January 31, 2012. The annual reports shall include the following:

1. Training conducted by Defendant on anti-discrimination laws and requirements under the ADA in the prior year;

2. All documents generated in connection with any complaint of disability discrimination or retaliation for the year which was received by the Store ETL-HR from any employee within Defendant's Corporate District encompassing Store 913. Defendant may redact any portion of a document which Defendant contends contains information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant will identify information redacted for this purpose. If the EEOC believes that it should be entitled to review any information Defendant has deemed privileged, it will seek a determination from

the court via in-camera review and the court will make a determination as to whether the information is privileged.

## XII.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.
## ATTORNEYS FEES AND COSTS

Each Party shall bear its own costs of suit and attorneys' fees.

## XIV.
## MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Target's operations or facilities, or any other material change in business or corporate structure, and shall simultaneously inform the EEOC of the same.

B. During the term of this Decree, Defendant shall ensure that each of its officers, managers, supervisors and Human Resources staff is aware of any term in this Decree which may be related to his/her job duties.

C. All reporting under this Decree shall be directed to: Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

D.  The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

                                        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date:  June 28, 2011           By:  /s/ Anna Y. Park
                                                           Anna Y. Park
                                                           Regional Attorney

                                                           Michael J. Farrell
                                                           Supervisory Trial Attorney

                                                           Connie K. Liem
                                                           Senior Trial Attorney

                                                           Attorneys for Plaintiff EEOC

                                                           WILSON TURNER KOSMO LLP

Date:  June 28, 2011           By:  /s/ Claudette G. Wilson
                                                           Claudette G. Wilson
                                                           Mary A. Snyder
                                                           Krista M. Cabrera
                                                           Attorneys for Defendant
                                                           Target Corporation

# ORDER

**GOOD CAUSE** having been shown, the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED.** JS-6

Date: July 21, 2011      _____
                                          Hon. Andrew J. Guilford
                                          United States District Judge